CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
September 30, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| Bruce Edward Smoot and D.S., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   Civil Action No. 5:24-cv-00067 |
| Winchester District Office *et al.*, | ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM OPINION**

This matter is before the court on *pro se* Plaintiff Bruce Edward Smoot's application to proceed *in forma pauperis*. ("Application.") (Dkt. 3.) On September 16, 2024, Smoot and D.S., Smoot's minor son, filed a complaint against 10 Defendants. (Compl. (Dkt. 1).) The same day, Smoot also filed the Application to proceed without prepayment of fees or costs. (Dk. 3.) While the court finds that Smoot qualifies to proceed without prepayment of fees or costs, it also finds that his complaint fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). Accordingly, the court grants the Application, but dismisses the complaint without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii).

### I.   Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources

upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe Smoot's *pro se* complaint liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), his complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this liberal construction does not require the court to ignore clear defects in pleading" or to "conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760 (M.D.N.C. 2018) (citations omitted).

## II.     Analysis

Smoot and D.S. bring this case following a series of state court child custody proceedings.[1] (*See generally* Compl. at 3, 8–10.) As an initial matter, D.S. does not qualify as a

---

[1] The court interprets the complaint to allege that D.S. is a minor. (*See* Compl. at 4.)

party to the action. To the extent D.S. attempts to pursue the claims himself, those claims fail because minors representing themselves "lack the capacity to sue" in this forum. *Myers v. Loudoun Cnty. Pub. Schs.*, 418 F.3d 395, 400 n.5 (4th Cir. 2005); *see* Fed. R. Civ. P. 17(b). To the extent that Smoot attempts to pursue claims on behalf of D.S., those claims fail as well because "non-attorney parents generally may not litigate the claims of their minor children in federal court." *Myers*, 418 F.3d at 401. As a result, any claims brought by or on behalf of D.S. are dismissed without prejudice.

Smoot purports to bring claims under the Fifth and Fourteenth Amendments, the "1876 VIRGINIA Constitution and Bill of Rights," as well as miscellaneous state-law tort claims. (Compl. at 3–8.) Smoot names several defendants, including the Winchester District Office of the Division of Child Support Enforcement ("DCSE"), a "case worker," two court clerks, two judges in the Warren County Courthouse, D.S.'s mother, and D.S.'s guardian ad litem. (*Id.* at 1.) Smoot asks for declaratory relief allowing him to have joint custody of D.S. as well as the return of support payments made to DCSE and fees paid to the state court system. (*Id.* at 8–10.)

Smoot's complaint represents the type of "clear defect[] in pleading" that requires dismissal despite the liberal construction afforded to *pro se* pleadings. *Jefferies*, 320 F. Supp. 3d at 760. While the complaint appears to allege myriad violations of law surrounding a custody battle, it does not contain factual allegations that support and state a claim, leaving the court to guess what the underlying basis of the complaint is. At best, Smoot's complaint provides no more than "naked assertion[s]" devoid of "further factual enhancement." *Iqbal*, 556 U.S. at

678 (citation omitted). As a result, the court concludes that the complaint fails to state a claim upon which relief may be grated.[2]

### III. Conclusion

For the foregoing reasons, the court grants the application to proceed *in forma pauperis,* but dismisses the complaint without prejudice.

The clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Smoot.

**ENTERED** this 30th day of September, 2024.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

---

[2] The court acknowledges there are other reasons why some or all of Smoot's claims would fail. First, any claim against the judicial defendants would likely be subject to dismissal based on absolute judicial immunity. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 F. App'x 278, 291 (4th Cir. 2013). Second, and similarly, any claim against the court clerk or guardian ad litem would likely be subject to dismissal based on quasi-judicial immunity. *See Jarvis v. Chasanow*, 448 F. App'x. 406, 2011 WL 4564336, at *1 (4th Cir. 2011); *Fleming v. Asbill*, 42 F.3d 886, 889 (4th Cir. 1994). In addition, even if Smoot alleges additional facts upon refiling to support his current claims, his complaint would potentially raise concerns related to subject matter jurisdiction. The domestic relations exception to federal jurisdiction would prevent the court from considering Smoot's claims and requested relief related to child custody. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees."). The *Rooker-Feldman* doctrine would likewise deprive the court of jurisdiction over some of Smoot's claims and requested relief, as "lower federal courts generally do not have jurisdiction to review state-court decisions." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).